Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
*Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>Post-Effective Date Debtors, | Chapter 11<br><br>Case No. 22-10964 (MG)<br><br>Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,<br><br>Plaintiff,<br>v.<br>ANTOINE CASTEL, *et al.*,<br>Defendants. | Adv. Proc. No. 24-04004 (MG) |

**RESPONSE TO ZUBER LAWLER LLP'S MOTION TO QUASH
AND CROSS MOTION TO COMPEL AND
FOR SANCTIONS AGAINST ZUBER LAWLER LLP**

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1
BACKGROUND ............................................................................................................... 2
LEGAL STANDARD ........................................................................................................ 5
ARGUMENT .................................................................................................................... 6
    I.    Rameau's Contact Information Is Not Entitled to Privilege or Work Product Protection ............................................................................................ 6
    II.   The Subpoena Is an Appropriate Use of the Discovery Process Consistent with This Court's Prior Order and Does Not Impose an Undue Burden on Zuber Lawler ............................................................................................... 11
    III.  Fees Should be Awarded to Plaintiff and Not Zuber Lawler in Connection with the Subpoena ...................................................................................... 12
CONCLUSION .............................................................................................................. 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*American Federation of Musicians v. Skodam Films, LLC*,
  313 F.R.D. 39 (N.D. Tex. 2015) ...................................................................................13

*AWGI, LLC v. Duncan & Elbaz, Inc.*,
  2010 WL 4595158 (N.D. Cal. Nov. 3, 2010) ...............................................................8, 9

*Enmon v. Prospect Cap. Corp.*,
  675 F.3d 138 (2d Cir. 2012)..........................................................................................13

*In re Grand Jury Proceedings*,
  219 F.3d 175 (2d Cir. 2000).......................................................................................5, 11

*In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*,
  318 F.3d 379 (2d Cir. 2003)............................................................................................5

*Matter of Grand Jury Subpoenas Served Upon Field*,
  408 F. Supp. 1169 (S.D.N.Y. 1976)..............................................................................7, 9

*Integrity Ins. Co. v. American Centennial Ins. Co.*,
  885 F. Supp. 69 (S.D.N.Y. 1995), *abrogated on other grounds by Life
  Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210 (2d
  Cir. 2008) .......................................................................................................................9

*Jones v. Hirschfeld*,
  219 F.R.D. 71 (S.D.N.Y. 2003) .....................................................................................6

*Litton Indus., Inc. v. Lehman Brothers Kuhn Loeb Inc.*,
  130 F.R.D. 25 (S.D.N.Y. 1990) ..................................................................................6, 9

*Malibu Media, LLC v. Doe No. 4*,
  No. 12 CIV. 2950 JPO (S.D.N.Y. Apr. 23, 2013), ECF No. 7 .....................................12

*Media Products, Inc. v. Does 1-26*,
  No. 12 CIV. 3719, 2012 WL 2190613 (S.D.N.Y. June 12, 2012)................................12

*Oak-Jin Oh v. Sim & Park, LLP*,
  No. 12 MC 66, 2012 WL 1193755 (S.D.N.Y. Apr. 10, 2012) ................................6, 12

*Peck v. United States*,
  88 F.R.D. 65 (S.D.N.Y. 1980) .......................................................................................6

*Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*,
  343 F.R.D. 460 (S.D.N.Y. 2023) .................................................................................13

*In re Saint Vincent's Cath. Med. Centers of New York*,
    No. 10-11963 CGM, 2014 WL 3545581 (S.D.N.Y. July 16, 2014) ......................................... 13

*Sony Corp. v. S.W.I. Trading, Inc.*,
    104 F.R.D. 535 (S.D.N.Y. 1985) ........................................................................................... 6

*In re Stolar*,
    397 F. Supp. 520 (S.D.N.Y. 1975) ................................................................................. 7, 10

*Strike 3 Holdings, LLC v. Doe*,
    No. 19-CV-5866 (AT) (RWL), 2019 WL 4493342 (S.D.N.Y. Aug. 21, 2019) ...................... 12

*Strike 3 Holdings, LLC v. Doe*,
    No. 20-CV-1529 (RA), 2020 WL 2115211 (S.D.N.Y. May 4, 2020) ...................................... 12

*Strike 3 Holdings, LLC v. Doe*,
    No. 24-CV-2511 (LAK) (RWL), 2024 WL 2330850 (S.D.N.Y. May 21, 2024) .................... 12

*In re Subpoena Duces Tecum Served on Clarick Gueron Reisbaum, LLP*,
    2010 WL 4967441 (S.D.NY. Nov. 30, 2010) ........................................................................ 7

*TVT Records v. Island Def Jam Music Grp.*,
    214 F.R.D. 143 (S.D.N.Y. 2003) ........................................................................................... 5

**Statutes**

28 U.S.C. § 1927 ............................................................................................................................. 13

**Other Authorities**

Fed. R. Civ. P. 34 .............................................................................................................................. 6

Fed. R. Civ. P. 45(d) ......................................................................................................................... 6

Fed. R. Civ. P. 45(g) ......................................................................................................................... 6

Mohsin Y. Meghji ("Plaintiff" or "Litigation Administrator"), as Litigation Administrator for Celsius Network LLC and its affiliated debtors (collectively, the "Post-Effective Date Debtors") respectfully submits this response to Zuber Lawler LLP's ("Zuber Lawler") Motion to Quash Subpoena (the "Motion to Quash")[2] and cross Motion to Compel and for Sanctions Against Zuber Lawler (the "Motion to Compel") and respectfully states as follows.

## PRELIMINARY STATEMENT

Relying on two outdated and inapposite cases from a single judge in the 1970s, Zuber Lawler seeks to evade the exact discovery this Court previously authorized Plaintiff to take—disclosure of the mailing address and other contact information of Defendant Benjamin Thor Rameau ("Rameau") for purposes of service. Zuber Lawler contends that his client's address is "privileged" because Rameau provided his contact information to Zuber Lawler when he retained that firm. But it is axiomatic that the attorney-client privilege protects only communications, not facts, regardless of whether particular facts happen to have been conveyed to a lawyer. Zuber Lawler's refusal to identify Rameau's address and other contact information in response to the subpoena is contemptuous.

Indeed, even if the Court were to adopt the stale analytical framework advocated by Zuber Lawler, Zuber Lawler's defiance of the subpoena still would be unjustified. The Lawrence Declaration alleges no facts remotely comparable to those present in either of the two highly unusual cases on which Zuber Lawler relies, and instead simply claims in conclusory fashion that "this case is like the others." But Zuber Lawler's contemporary correspondence with Plaintiff's counsel tells the real tale, making clear that Rameau engaged Zuber Lawler to provide legal advice concerning the merits of the claims against him, not to advise Rameau on where he should live.

---
[2] Motion to Quash Subpoena Served on Zuber Lawler LLP, *In re Celsius Network LLC*, Case No. 22-10964-mg (Bankr. S.D.N.Y.) [ECF No. 8073].

1

That Rameau provided Zuber Lawler with his contact information incidentally as part of the firm's engagement on the merits does not entitle it to protection as part of Rameau's ongoing efforts to avoid lawful process in these proceedings. And even if the privilege could somehow attach to Rameau's contact information, it would have been waived by Zuber Lawler's affirmative disclosure of information related to Rameau's location in an effort to disprove effective service of the complaint.

As such, the Court should deny Zuber Lawler's Motion to Quash, grant Plaintiff's cross Motion to Compel, and enter an order requiring Zuber Lawler to produce the requested information and to reimburse Plaintiff for the costs and attorneys' fees the Celsius estate was unnecessarily required to incur in responding to the Motion to Quash and prosecuting its cross Motion to Compel.

**BACKGROUND**

During and after Executive's[3] tenure as CEO of Celsius KeyFi LLC ("Celsius KeyFi"), the Executive Parties wrongfully caused Celsius wallets to transfer Celsius assets to wallets and cryptocurrency exchange accounts owned or controlled by Rameau and other Defendants and to or for the benefit of the Executive Parties.

As this Court is aware, Celsius pursued various causes of action against the Executive Parties with respect to their wrongful conduct through an adversary proceeding initiated on August 23, 2022 (the "Executive Party Proceeding"). At the outset of that case, following a two-day trial, the Court found that Celsius had "shown a substantial likelihood of prevailing on the merits and [was] entitled to a temporary restraining order restraining the defendants from transferring any other assets away." Compl. ¶ 56. The Court issued a Temporary Restraining Order accordingly, which was kept in place throughout the remainder of the case. Celsius' action against the Executive

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Adversary Complaint [ECF No. 1] (the "Complaint").

Parties resulted in a settlement on June 28, 2024, by which the Executive Parties agreed to return substantial assets to Celsius (the "Executive Settlement Agreement").

Throughout the course of the Executive Party Proceeding, Celsius took discovery from the Executive Parties and other relevant third parties seeking to discover, among other things, the recipients and locations of the assets wrongfully misappropriated from Celsius. *See* Declaration of Mitchell P. Hurley in Support of Plaintiff's Response ("Hurley Decl.") ¶ 5. Celsius additionally searched its own records and customer information and engaged the services of FTI to locate property originating from (or otherwise traceable to) Celsius wallets in the possession, custody or control of other parties. *Id.*

Plaintiff filed this Adversary Proceeding on July 13, 2024, seeking to avoid fraudulent transfers and recover valuable estate property from the recipients of the assets wrongfully misappropriated from Celsius, including Rameau. *See* Compl. ¶¶ 65(e), 66(a). Plaintiff thereafter attempted to effect service of process on Rameau through contact information obtained from discovery in the Executive Party Proceedings, which was consistent with the address Plaintiff had obtained for Rameau through the discovery Plaintiff took in this case from various cryptocurrency exchanges. Hurley Decl. ¶¶ 6-7.

On January 31, 2025, Zuber Lawler contacted Plaintiff by email with the express purpose of inquiring about the merits of the claims against Rameau. Hurley Decl., Ex. 1 at 10-11. Zuber Lawler asserted that Plaintiff's claims were meritless and requested that Plaintiff provide the "factual basis" for its claims within 14 days or agree to voluntarily dismiss the claims against Rameau. *Id.*. Zuber Lawler stated that if Plaintiff declined to do so, it was "prepared to take appropriate legal action to protect Mr. Rameau's interests." *Id.* at 11.

3

Given that Zuber Lawler's communications indicated that Rameau had received notice and a copy of the Complaint and wished to discuss the merits of the case, Plaintiff requested that Zuber Lawler agree to accept service on behalf of Rameau to avoid any unnecessary disputes concerning service, or alternatively, that Zuber Lawler provide Plaintiff with Rameau's current contact information, including mailing address. *Id.* at 10.

In response, Zuber Lawler did not initially refuse to accept service on behalf of Rameau. *Id.* at 9. To the contrary, it requested "details about where and how the complaint was allegedly served," and indicated that information would help it "determine next steps regarding service and representation." *Id*. "Regarding acceptance of service," Zuber Lawler indicated that it "would like to understand what service attempts have been made before making that decision." *Id.* Finally, Zuber Lawler again indicated that it was interested in discussing the merits of Plaintiff's claims. *Id.*

Plaintiff then provided Zuber Lawler with the address where it had attempted to serve Rameau in Hong Kong, requesting again that Zuber Lawler agree to accept service on behalf of Rameau or provide his current contact information, as it was clear Rameau had received notice of the action and a copy of the Complaint. *Id.* In its response, Zuber Lawler once again did not explicitly refuse to accept service. *Id.* at 8. It instead freely provided information concerning Rameau's location that it could only have known from the client communications it now claims are privileged – claiming, for example, that Rameau does not reside at the Hong Kong address where Plaintiff attempted service. *Id.* Zuber Lawler contended proper service had not been effectuated, and once again, sought to engage Plaintiff in a discussion regarding the merits of its claims. *Id.*

On February 24, 2025, Plaintiff filed a letter with this Court seeking authorization to serve Zuber Lawler with discovery to identify the contact information of Rameau. Letter regarding Discovery in *Meghji v. Castel.*, AP. No. 24-04004 (MG) (Bankr. S.D.N.Y.) [ECF No. 61]. Plaintiff expressly sought leave to "serve a third-party subpoena for purposes of obtaining contact information for Defendant Rameau, so that plaintiff may effect service of process on Rameau." *Id*. at 1. The Court granted Plaintiff's request on March 12, 2025, entering an order permitting Plaintiff to immediately serve Zuber Lawler with a subpoena for the limited purpose of identifying contact information for Rameau. Order Permitting Expedited Discovery under Federal Rule of Bankruptcy Procedure [ECF No. 69]. Plaintiff did just that on March 25, 2025. *See* Hurley Decl., Ex. 2.

Through email correspondence and a meet and confer call between March 31, 2025 and April 2, 2025, Zuber Lawler indicated that it was refusing to produce any documents and information in response to the Subpoena, based on its argument that Rameau's contact information is protected from disclosure by the attorney-client privilege and/or work product doctrine. *See* Hurley Decl., Ex. 1 at 1–7.

## **LEGAL STANDARD**

"It is well settled that [t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (citation omitted). "The burden is a heavy one, because privileges are neither lightly created nor expansively construed." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) (citation omitted); *see also TVT Records v. Island Def Jam Music Grp.*, 214 F.R.D. 143, 144 (S.D.N.Y. 2003) (courts "strictly confine[]" the privilege "within the narrowest possible limits" because it "stands in derogation of

the public's right to every [person's] evidence"). "The burden of persuasion in a motion to quash a subpoena and for a protective order is [likewise] borne by the movant." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003). "The standard for production of documents from nonparties under Fed. R. Civ. P. 45(d) is similar to the standard applicable to parties under Fed. R. Civ. P. 34." *Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 544 (S.D.N.Y. 1985). "Under Rule 34, the party requesting the documents must 'identify what documents it seeks to discover' and provide the court with some 'basis for concluding that such documents exist.'" *Id.* (quoting *Peck v. United States,* 88 F.R.D. 65, 73 (S.D.N.Y. 1980)). When a party from whom discovery has been sought refuses to comply with a validly issued subpoena, Federal Rule of Civil Procedure 45(g) allows the party seeking discovery to move for an order to compel the production of responsive documents and information and empowers the issuing court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena . . . ." Fed. R. Civ. P. 45(g).

## ARGUMENT

### I. Rameau's Contact Information Is Not Entitled to Privilege or Work Product Protection

Zuber Lawler cannot carry its burden of proving that Rameau's address and other contact information are privileged. "[A]s a general rule, a client's identity and fee information are not privileged. A client's contact information is similarly not subject to the attorney-client privilege." *Oak-Jin Oh v. Sim & Park, LLP*, No. 12 MC 66, 2012 WL 1193755, at *2 (S.D.N.Y. Apr. 10, 2012) (granting motion to compel contact information of firm's clients). "The common theme of cases such as these is that the client is not entitled to shield information which the client has provided to the attorney not in confidence, as the factual basis for the request for legal advice, but only as incidental to the establishment of the relationship." *Litton Indus., Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 130 F.R.D. 25, 25 (S.D.N.Y. 1990).

Relying on two cases from the same judge from 1975 and 1976, Zuber Lawler argues that this case presents one of the "rare instances" in which a client's address should be entitled to protection. Mot. to Quash at 3-7. But the reasoning of those decisions has been questioned, and, in any event, the facts of this case are a far cry from those in the cases upon which Zuber Lawler relies. *See Matter of Grand Jury Subpoenas Served Upon Field,* 408 F. Supp. 1169 (S.D.N.Y. 1976); *In re Stolar*, 397 F. Supp. 520, 524 (S.D.N.Y. 1975); *In re Subpoena Duces Tecum Served on Clarick Gueron Reisbaum*, *LLP,* 2010 WL 4967441, at *2, n.1 (S.D.NY. Nov. 30, 2010) (refusing to take "guidance" from *Field*, and noting the court was "not convinced" that the contact information in *Field* actually was protected from disclosure even under the very different facts of that case).

In *Field*, the attorney from whom discovery was sought provided an affidavit stating that his client had sought his advice in connection with his desire to change residence from Milan, Italy to some other jurisdiction. 408 F. Supp. at 1171. According to the attorney, his client requested that he review the laws of multiple jurisdictions in connection with advising the client on a proposed address change. *Id.* Based on the attorney's advice, the client moved to one of the advised jurisdictions and requested that the attorney keep his new location confidential. *Id.* Under this distinct set of facts, the *Field* court concluded that the case presented a "rare instance[]" in which the client's residence and whereabouts were entitled to protection because "the address [was] communicated for the specific purpose of receiving legal advice and the address itself [was] at the heart of the advice sought." *Id.* at 1173.

That is not the case here. Zuber Lawler has provided no evidence Rameau consulted the firm to obtain advice in connection with a potential change of address. To the contrary, as set forth in greater detail above, Zuber Lawler reached out to Plaintiff's counsel by email specifically to

7

discuss the merits of the case. Hurley Decl., Ex. 1 at 11. Zuber Lawler did not initially decline to accept service, as stated in its Motion to Quash. Mot. to Quash at 6 (claiming "Zuber Lawler has consistently maintained that it is not authorized to accept service for Mr. Rameau"). Regarding acceptance of service, Zuber Lawler asked Plaintiff for information regarding prior service efforts and said it "would like to understand what service attempts have been made before making that decision." Hurley Decl., Ex. 1 at 9. And while Zuber Lawler has maintained Rameau has not been validly served, and never complied with Plaintiff's request to agree to accept service, at no point in the parties' correspondence did Zuber Lawler ever explicitly say it would not accept service on Rameau's behalf. *Id.*

Indeed, the record makes clear that Rameau consulted Zuber Lawler to assess the merits of the lawsuit and to have Zuber Lawler reach out to Plaintiff's counsel to discuss the factual basis of Plaintiff's claims. After all, had Rameau provided Zuber Lawler with his address for the very purpose of obtaining legal advice with regard to his location (i.e., to avoid being served), it is inconceivable that Rameau would also ask Zuber Lawler to contact Plaintiff's counsel regarding the merits of the case. As such, Rameau's address was not the factual basis for the request for legal advice from Zuber Lawler; it was merely incidental to the attorney-client relationship and therefore is not entitled to protection. *AWGI, LLC v. Duncan & Elbaz, Inc.*, 2010 WL 4595158, at *4 (N.D. Cal. Nov. 3, 2010) (concluding client contact information was not privileged where attorney contacted plaintiff's counsel to discuss settlement, initially agreed to accept service of the complaint, and later declined to accept service and sought to protect client address based on allegations counsel was consulted relating to "service of process").

Zuber Lawler's conclusory assertions that Rameau's address was obtained "solely within the attorney-client relationship," Mot. to Quash at 3; that Rameau sought Zuber Lawler's counsel

"for the purpose of obtaining legal advice regarding the very cryptocurrency transactions at issue in this adversary proceeding," *id.* at 4; and that Rameau "sought legal advice regarding service of process and proper notification in connection with this adversary proceeding," *id* at 7, do not establish otherwise. *See, e.g.*, *Litton Indus., Inc.*, 130 F.R.D. at 26 (holding that conclusory statements in attorney's affidavit did not "suffice to take [the] case out of the general rule that information which identifies a client is unprotected by the attorney-client privilege"); *AWGI*, 2010 WL 4595158, at *3 (explaining that privilege cannot be established "simply through conclusory statements" and concluding that cryptic statements from lawyer that client sought advice regarding "'the law relating to service of process,'" that client's address "was central to their attorney-client communications" and that attorney was "'specifically instructed' to keep [client's] location confidential" were insufficient to establish privilege); *see also Integrity Ins. Co. v. American Centennial Ins. Co.*, 885 F. Supp. 69, 74 (S.D.N.Y. 1995) (holding that an address was not privileged when the petitioner "made no showing that his client's address was anything more than incidental to the attorney-client relationship"), *abrogated on other grounds by Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210 (2d Cir. 2008).

Moreover, the *Field* court specifically noted that there had been no allegation in that case that the advice of counsel was given for the purpose of aiding the client in commission of a crime, to enable the client to avoid any criminal investigation or proceeding pending at the time the advice was given, or to enable the client to "avoid lawful process in any proceeding pending at the time the advice was given," suggesting that the outcome would have been different if one of these circumstances had been present. 408 F. Supp. at 1173-74. But those exact circumstances are present here, and Zuber Lawler should not be permitted to shield Rameau's address from production in an effort to avoid lawful process in this proceeding. *See, e.g.*, *AWGI*, 2010 WL

9

4595158, at *4 (denying attorney's motion to quash subpoena seeking client contact information where client was attempting to avoid lawful process in a pending proceeding, noting "[i]t would be fundamentally unfair to allow [the client] to cloak his whereabouts with the protection of the attorney-client privilege in order to avoid service of process").

*Stolar* is even further afield from the factual circumstances of this action. In *Stolar*, discovery was sought from an attorney regarding the location of his client so that his client could be questioned by the FBI regarding the whereabouts of a third party suspected of violating federal law. 397 F. Supp. at 522-23. The court concluded that "[u]nder the peculiar circumstances of [that] case," the contact information at issue had been communicated to the attorney solely for the purpose of receiving legal advice as to whether the client had a legal obligation to appear for questioning by the FBI. *Id.* at 524. In reaching this decision, the court explicitly pointed out that there were other methods for obtaining the information sought – i.e., the attorney at issue had expressly agreed to make his client available for questioning by the FBI. *Id.* The court explained that "there was no need for a knee-jerk reaction of subpoenaing an attorney in order to seek information which perhaps could otherwise have been easily obtained." *Id.* at 524-25.

As the Court is aware from its prior order authorizing the Zuber Lawler Subpoena, that is not the case here. Zuber Lawler has not offered to make its client available for questioning, and Plaintiff has not otherwise been able to obtain current contact information for Rameau through its extensive discovery efforts in the Executive Party Proceedings, the several subpoenas it has served on cryptocurrency exchanges in this action, or any other available means. *See* Hurley Decl. ¶¶ 5-9.

Finally, if any privilege could have attached to Rameau's contact information (and Plaintiff submits it could not, for the reasons discussed above), that privilege would have been waived.

10

When Zuber Lawler believed doing so would advance Rameau's interests, Zuber Lawler freely provided Plaintiff with information concerning Rameau's location that it could only have known from the client communications it now claims are privileged. For example, when Plaintiff identified the Hong Kong address where Plaintiff contended it had properly served Rameau, Zuber Lawler replied by email "I can confirm that Mr. Rameau does not reside at the Hong Kong address where you attempted service," and that "***given this***, we do not believe proper service has been effectuated." Hurley Decl. Ex. 1 at 8. Having enthusiastically disclosed and deployed supposedly privileged contact-related information in an effort to gain an advantage, Zuber Lawler cannot now use the privilege as a shield to avoid disclosure in response to the subpoena. *In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000) ("In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party.").

Zuber Lawler's privilege objections are therefore meritless, and it should be compelled to immediately respond to Plaintiff's validly issued Subpoena.

## II. The Subpoena Is an Appropriate Use of the Discovery Process Consistent with This Court's Prior Order and Does Not Impose an Undue Burden on Zuber Lawler

Zuber Lawler's remaining objections to the Subpoena – each of which is ultimately tied to its claim that Rameau's contact information is privileged – fare no better. Zuber Lawler argues that the Subpoena improperly seeks to use the discovery process to obtain information necessary for service of process. But the Court entered an order allowing the Subpoena for just this very purpose. Plaintiff's letter request to the Court specifically stated that the Subpoena was "for purposes of obtaining contact information for Defendant Rameau, so that Plaintiff may effect service of process on Rameau as required to prosecute the claims against him." Letter regarding Discovery in *Meghji v. Castel.*, AP. No. 24-04004 (MG) (Bankr. S.D.N.Y.) [ECF No. 61]. And the

11

Court entered an order expressly stating that, "Plaintiff may immediately serve Federal Rule 45 subpoenas as set forth in greater detail in the Letter for the limited purpose of identifying contact information for Defendant Rameau." Order Permitting Expedited Discovery under Federal Rule of Bankruptcy Procedure [ECF No. 69]. Plaintiff did just that, and there is nothing improper about Plaintiff's use of the discovery process the Court had specifically authorized for service purposes, in accordance with well-settled practices.[4]

Zuber Lawler further contends that the Subpoena imposes an undue burden as compliance with the Subpoena would require the firm to violate its ethical obligations by disclosing privileged and confidential information. For the reasons discussed above, however, Rameau's contact information is not protected from disclosure. Compliance therefore will not necessitate any violation of Zuber Lawler's ethical obligations or otherwise unduly burden Zuber Lawler.

### III. Fees Should be Awarded to Plaintiff and Not Zuber Lawler in Connection with the Subpoena

Zuber Lawler claims it is entitled to the fees it incurred in moving to quash because "[g]iven the clear legal and ethical bars to compliance with the Subpoena, Plaintiff's counsel should have known that serving it was improper." Mot. to Quash at 10. The exact opposite is true. Plaintiff served the Subpoena pursuant to a Court order specifically allowing the discovery at issue.[5] Zuber

---

[4] Indeed, when dealing with defendants for which contact and/or identifying information is unknown, courts regularly allow discovery with respect to the contact information necessary for service of process and pursuit of the action. *See, e.g., Oak-Jin Oh v. Sim & Park, LLP*, No. 12 MC 66, 2012 WL 1193755, at *2 (S.D.N.Y. Apr. 10, 2012) (compelling counsel to produce clients' contact information); *Strike 3 Holdings, LLC v. Doe*, No. 20-CV-1529 (RA), 2020 WL 2115211, at *1 (S.D.N.Y. May 4, 2020) (granting plaintiff's motion for leave to serve early discovery on defendant's internet service provider to identify defendant's name and address); *Strike 3 Holdings, LLC v. Doe*, No. 24-CV-2511 (LAK) (RWL), 2024 WL 2330850, at *1 (S.D.N.Y. May 21, 2024) (same); *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-5866 (AT) (RWL), 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) (same); Mem. & Order, *Malibu Media, LLC v. Doe No. 4*, No. 12 CIV. 2950 JPO (S.D.N.Y. Apr. 23, 2013), ECF No. 7 (granting plaintiff's request for discovery from third-party internet service providers regarding defendant's name, current and permanent address, and e-mail address); *Media Products, Inc. v. Does 1-26*, No. 12 CIV. 3719, 2012 WL 2190613, at *2 (S.D.N.Y. June 12, 2012) (granting expedited discovery to serve a subpoena requesting the name and current address of defendants).

[5] Zuber Lawler offers no support for the proposition that sanctions may be imposed where a party seeks discovery explicitly authorized by prior court order. To succeed on a motion for sanctions, the recipient of a third-party subpoena must establish through competent evidence that the subpoena was "overly broad, burdensome, or oppressive." *Preston*

Lawler's refusal to comply with that Court-ordered discovery in reliance on specious legal arguments aimed at facilitating Rameau's ongoing efforts to avoid lawful process in this action are nothing short of bad faith, and Plaintiff is entitled to the unnecessary costs and attorneys' fees incurred by the Celsius estate as a result of Zuber Lawler's conduct.

Under the Court's inherent powers and 28 U.S.C. §1927, the Court may award attorneys' fees when a party has as acted in bad faith, vexatiously, or engaged in dilatory tactics. *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143, 147 (2d Cir. 2012) ("There is no serious dispute that a court may sanction a law firm pursuant to its inherent power. We see no reason that a different rule should apply to § 1927 sanctions, and, in any event, we have previously upheld the award of § 1927 sanctions against a law firm."); *see also In re Saint Vincent's Cath. Med. Centers of New York*, No. 10-11963 CGM, 2014 WL 3545581, at *6 (S.D.N.Y. July 16, 2014).

In the face of Court-ordered discovery here – necessitated by Rameau's ongoing efforts to evade legal process – Zuber Lawler refused to comply with the Subpoena. Zuber Lawler admits that it knew Plaintiff has made significant efforts to locate and serve Rameau with process and that it has in its possession the information the Court-ordered Subpoena demands. Mot. to Quash at 8. But it nevertheless refused to comply, asserting colorless arguments that the information is privileged, despite the fact that it had previously initiated contact with Plaintiff to discuss the merits of the case and revealed information regarding Rameau's whereabouts that it could only have known from the client communications it now seeks to protect. Celsius creditors should not be

---

*Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 469–70 (S.D.N.Y. 2023). If the party issuing and serving a subpoena is compliant with Rule 45 of the Federal Rules of Civil Procedure, sanctions are not warranted. *Id.* at 470. Zuber Lawler does not contend that Plaintiff failed to comply with Rule 45 or this Court's prior order. Nor does it offer any evidence of burden aside from its unsuccessful arguments regarding privilege. The sole case Zuber Lawler cites in support of its request for sanctions – *American Federation of Musicians v. Skodam Films, LLC*, 313 F.R.D. 39 (N.D. Tex. 2015) – involved a 46-page subpoena with 51 requests for documents that, in effect, required the subject of the subpoena to turn over nearly every document in its possession. *Id.* at 41, 47–48. The Subpoena here made one sole request narrowly tailored to the subject matter this Court had previously ordered was permissible. There is nothing sanctionable under these circumstances.

required to bear the costs of Zuber Lawler's vexatious and dilatory tactics aimed at further delaying service of process and increasing the expenditure of judicial and Plaintiff resources in litigating this case. Plaintiff should therefore be awarded its costs and attorneys' fees incurred in responding to the Motion to Quash and prosecuting its cross Motion to Compel.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order substantially in the form of the proposed order attached hereto as **Exhibit 1** (i) denying Zuber Lawler's Motion to Quash, (ii) granting Plaintiff's cross Motion to Compel, (iii) requiring Zuber Lawler to produce the information requested in Plaintiff's Subpoena and to reimburse Plaintiff for the costs and attorneys' fees it incurred in responding to the Motion to Quash and prosecuting its cross Motion to Compel, and (iv) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: April 16, 2025
New York, New York

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/Mitchell P. Hurley*
Mitchell P. Hurley
Dean L. Chapman Jr.
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel for Plaintiff*