**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **NOT FOR PUBLICATION** |
| CELSIUS NETWORK LLC, *et al*., | Case No. 22-10964 (MG) |
| Debtors. | Chapter 11 |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS | |
| Plaintiff, | |
| v. | Adv. Proc. 24-04004 (MG) |
| ANTOINE CASTEL, *et al.,* | |
| Defendants. | |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS | |
| Plaintiff, | |
| v. | Adv. Proc. 24-04005 (MG) |
| WALLET OWNER 0xdbc13e67f678cc00591920cece4dca6322a79ac7, *et al*., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER DENYING REQUEST TO**
**SET ASIDE DEFAULT JUDGMENTS**

*A P P E A R A N C E S:*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
*Counsel for Mohsin Y. Meghji, Litigation Administrator*
One Bryant Park
Bank of America Tower
New York, NY 10036
(212) 872-1000
By:    Mitchell P. Hurley, Esq.

**TWERSKY PLLC**
*Counsel for Defendants Arben Kane and the Kane Wallets*
747 Third Avenue
32nd Floor
New York, New York 10017
(212) 425-0149
By:    Aaron Twersky, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court are the request to set aside default judgments as noted in the

*Letter Requesting Conference* (the "Letter," ECF Doc. # 58, Adv. Pro. No. 24-04005) filed by

counsel to Defendants Wallet Owner 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3

("0xd3C8e Wallet"), Wallet Owner xbf7c232b80ad3131d69234cc820ccd26a3f6a823 ("0xbf7c2

Wallet") and Wallet Owner 0x6c7Ce9f8aFA19976f8BFa233EEed5b0a72d4E16c ("0x6c7Ce

Wallet" and collectively, the "Kane Wallets"), which are owned by Arben Kane ("Kane"), a

defendant in a related adversary proceeding (Adv. Pro. No. 24-04004), and the *Status Update*

*Regarding Defendant Arben Kane entries of Default and Discovery Abuse in Adversary*

*Proceedings Arising in or Relating to In re Celsius Network, LLC, Case No. 22-10964 (MG)*

*(Bankr. S.D.N.Y.)* (the "Status Update," ECF Doc. # 102) filed by counsel to Mohsin Y. Meghji

(the "Litigation Administrator" or the "Plaintiff").

2

For the reasons discussed below, the Court **DENIES** the request to set aside Defaults.[1]

## I.  BACKGROUND

On September 3, 2025, Aaron Twersky, Esq., counsel for the Defendant Wallets and Kane, filed the Letter and requested, in the alternative, a conference with the Court or leave to file a motion to vacate the Defaults.  The Court conducted a hearing on January 15, 2026 (the "January 15 Hearing") on (i) Kane's request to set aside Defaults entered against Kane Wallets in the Adversary Proceedings, and (ii) deficiencies Plaintiff identified with respect to Kane's compliance with his discovery obligations in those proceedings.  Following the January 15 Hearing, Rule 30(b)(6) deposition testimony, and additional document production, the Plaintiff claims that Kane "engaged in a pattern of repeated and deliberate evasiveness, both with respect to answering the allegations against him, as well as responding to discovery."  (Status Update at 1.)  The Plaintiff requests that this Court deny Kane's letter request to set aside the defaults against the Kane Wallets and that the Court award Plaintiff his reasonable expenses caused by Kane's failure to engage in good faith in the discovery process.  (*Id.* at 1-2.)

The Court previously entered a Memorandum Opinion and Order granting the Plaintiff's Motion for Alternative Service (the "Service Order," ECF Doc. # 24; *see Meghji v. Wallet Owner*, ___B.R.___, 2024 WL 4564200 (Bankr. S.D.N.Y. Oct. 24, 2024)).  The Plaintiff filed the motion seeking permission to use an alternative service method noting that counsel could not ascertain the owners of defendant cryptocurrency wallets, including the Kane Wallets, and therefore did not have mailing addresses or contact information for service.  Plaintiff determined that through airdropping a non-fungible token ("NFT") to the cryptocurrency wallet addresses, it could serve the owners the requisite legal documents for each adversary proceeding while

---

[1]     "Default" refers collectively to Clerk's Entries of Default at ECF Doc. ## 64-66 (Adv. Pro. No. 24-04004).

adhering to several cybersecurity standards.  (Service Order at 4-5.)  The Court determined that service via NFT would apprise the owners of the wallets of the actions against them and was in fact the best possible way for the Litigation Administrator to provide service to the defendant wallets.  (*Id*. at 15.)

The Plaintiff claims that Kane subsequently admitted he was aware of the claims against him in Adv. Pro. 24-04004 by October 2024, yet he still failed to take action prior to the entrance of the Default in November 2024.  (*Id.* at 2.; Ex. 1, Kane Dep. 62:9-63:5, 65:13-17 (Feb. 5, 2026).)  Kane also admitted to having accessed the hyperlinked NFT sent to the 0xd3C8e Wallet over a dozen times.  (Status Update at 2-3, n.6.)

Kane claims that the failure to acknowledge the claims against the Kane Wallets was the result of "confusion" resulting from his ownership of approximately 40 digital asset wallets.  (*Id.* at 3.)  The Litigation Administrator also notes that the documents produced after the January 15 Hearing demonstrate that Kane was aware of the Plaintiff's efforts to identify the owner of the 0xd3C8e wallet.  (*Id.*)  The Litigation Administrator demonstrates that on two separate occasions Kane received a subpoena in connection with the 0xd3C8e wallet, worked with Jason Stone to draft a response to the subpoena, but nonetheless waited nine (9) months to acknowledge his ownership of the wallet.  (*Id.*)

The Plaintiff argues that although the willfulness of Kane's defaults precludes a finding of good cause, the remaining default factors also weigh against vacating the Defaults.  (*Id.* at 4.) Kane has not demonstrated the existence of a meritorious defense.  (*Id.*)  Kane's sole defense is that he engaged in an arm's-length transaction with Jason Stone, which the Plaintiff claims can easily be disproven.  (*Id.*)  Furthermore, the Plaintiff has been prejudiced by Kane's conduct and vacating the Defaults may further prejudice the Plaintiff who has already incurred substantial

4

costs as a result of the Defendant's misconduct. (*Id.*) Accordingly, the Plaintiff claims that Kane fails each criterion for determining good cause under Rule 55(c) and asks this Court deny Kane's request.

The Plaintiff additionally requests that the Court sanction Kane and require him to reimburse the Plaintiff for fees and expenses incurred. (*Id.*) Plaintiff contends that it is within the purview of the Court to order sanctions in light of Kane's attempts to mislead the Plaintiff in his discovery efforts in attempt to run the clock out on discovery. (*Id.* at 4-5.) Plaintiff details how Kane's counsel failed to collect electronically stored information from Kane in a timely manner in compliance with agreements reached between the parties. (*Id.* at 5.) Kane's counsel ignored repeated inquiries from Plaintiff regarding the sharing of search parameters, produced minimal documents, and applied only a single search term "Celsius" as the parameter of the search for those documents. (*Id.*)

Plaintiff also argues that the depositions ordered by this Court further indicate that Kane's counsel failed to preserve documents from Kane's phone, including information from platforms like Telegram and Discord until after the Court ordered a Rule 30(b)(6) deposition of Kane's discovery vendor. (*Id.*) Certain relevant communications were not requested or reviewed until over eight (8) months after the Plaintiff's requests for production specifically seeking these documents. (*Id.*) The failure to collect this information in a timely manner may have resulted in the loss of key information and the Kane's discovery vendor has made no effort to recover the lost data. (*Id.* at 5-6.) Kane also failed to produce requested documents containing load files and metadata and even failed to communicate that request to his eDiscovery vendor. (*Id.* at 6.) Only after eight (8) months of attempted communications, a court conference, and two Rule 30(b)(6) depositions did Kane comply with his discovery obligations. (*Id.*)

Accordingly, the Plaintiff requests compensation in accordance with Rule 37.

## II. <u>LEGAL STANDARD</u>

Following an entry of default, "[t]he court may set aside an entry of default for good cause." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting FED. R. CIV. P. 55©).  Rule 55 does not define "good cause" and the Second Circuit has determined that the Court must consider three factors when considering whether to relieve a party from default or a default judgment.  *Bricklayers*, 779 F.3d at 186.  Those factors are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Otter Prods., LLC v. Jones*, No. 22-CV-07861 (PMH), 2023 WL 2368975, at *1 (S.D.N.Y. Mar. 6, 2023) (quoting *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021)).  "Default judgment is an extreme sanction that is disfavored in the Second Circuit," *id.* (citing *Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 174 (2d Cir.2001)), and "motions to vacate default judgments are to be granted liberally."  *In re Santoli*, 627 B.R. 595, 601 (Bankr. S.D.N.Y. 2021) (internal citation and quotation marks omitted).

## III. <u>DISCUSSION</u>

### A. Default Judgment

First, the defendant's default was willful.  The Second Circuit has defined "willfulness" as conduct beyond mere negligence or carelessness and instead is "egregious" or "not satisfactorily explained."  *Bricklayers*, 779 F.3d at 186.  As part of deposition testimony ordered by this Court, Kane admitted to owning the Kane Wallets and admitted he was aware of the claims against him by October 2024.  (Status Update, Ex. 1, Kane Dep. 62:9-63:5, 65:13-17

(Feb. 5, 2026)).  Despite becoming aware of the claims in October 2024, Kane took no action in the case prior to the entry of default against him in November 2024.  Kane also failed to acknowledge his ownership of the 0xd3C8e Wallet despite having accessed the service NFT thirteen (13) times between December 2024 and May 2025.  *Compare* Answer, ECF No. 58 ¶¶ 18, 64(c), 65(a), 65(c), 65(d) (Adv. No. 24-04004) (denying knowledge regarding wallet 0xd3C8e); *with* ECF No. 89-2 at 2 (Adv. No. 24-04004), ECF No. 59-2 at 2 (Adv. No. 24-04005) (correspondence explaining Kane accessed the service NFT sent to wallet 0xd3C8e thirteen times between December 2024 and May 2025).

Accordingly, Kane's conduct is indicative of the type of "egregious" conduct that constitutes a "willful" default.  Kane was aware of the allegations against him, refused to acknowledge ownership of the Kane Wallets, and now requests the opportunity to response now that he has been caught.

The remaining factors also weigh against setting aside the default judgments.  Kane has not demonstrated a meritorious defense, and the Plaintiff would be prejudiced by setting aside the default judgments by requiring the Plaintiff to further incur substantial expenses as a result of Kane's failures.

Therefore, the Court **DENIES** the request to side aside the Defaults.

### B. Sanctions

As the Court denies the request to set aside the Defaults, a subsequent damages inquest will determine the amount of any judgment that will be entered.  The Court will defer the issue of sanctions until the damages inquest.

7

# IV.  <u>CONCLUSION</u>

For the reasons discussed, the Court **DENIES** the request to set aside the Clerk's entries

of default.  A separate order will be entered scheduling the damages inquest.

**IT IS SO ORDERED.**

Dated:    April 15, 2026
          New York, New York

*Martin Glenn*

MARTIN GLENN
Chief United States Bankruptcy Judge
