**Hearing Date and Time: TBD**
**Objection Date and Time: June 15, 2026, at 11:59 p.m. (prevailing Eastern Time)**
**Reply Date and Time: June 22, 2026, at 11:59 p.m. (prevailing Eastern Time)**

Mitchell P. Hurley
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS, | |
| Plaintiff, | Adversary Proceeding Case No. 24-04004 (MG) |
| v. | |
| ANTOINE CASTEL, *et al.*, | |
| Defendants. | |

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 1209 Orange Street, Wilmington, Delaware 19801.

MOHSIN Y. MEGHJI, LITIGATION
ADMINISTRATOR, AS REPRESENTATIVE FOR
THE POST-EFFECTIVE DATE DEBTORS,

        Plaintiff,

v.

WALLET OWNER
0xdbc13e67f678cc00591920cece4dca6322a79ac7, *et al.*,

        Defendants.

Adversary Proceeding
Case No. 24-04005 (MG)

**NOTICE OF PLAINTIFF'S MOTION (I) FOR DEFAULT JUDGMENT
AGAINST WALLET OWNER DEFENDANTS
0XD3C8E3E8DCD89AE98FBA866DB20AE72DC2EE75A3,
0XBF7C232B80AD3131D69234CC820CCD26A3F6A823, AND
0X6C7CE9F8AFA19976F8BFA233EEED5B0A72D4E16C AND
(II) TO STAY ADVERSARY PROCEEDING NO. 24-04004 AS TO ARBEN KANE**

    **PLEASE TAKE NOTICE** that Moshin Y. Meghji ("Plaintiff" or "Litigation

Administrator"), as Litigation Administrator for Celsius Network LLC and its affiliated debtors

(collectively, the "Post-Effective Date Debtors") files his *Motion (i) for Default Judgment Against*

*Wallet Owner Defendants 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3,*

*0xbf7c232b80ad3131d69234cc820ccd26a3f6a823, and 0x6c7Ce9f8aFA19976f8BFa233EEed5b*

*0a72d4E16c* (the "Motion for Default Judgment") pursuant to Rule 55 of the Federal Rules of

Civil Procedure ("Federal Rules"), made applicable by Rule 7055 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7055-2 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules"), against Arben Kane (the "Default

Defendant"), owner of wallets 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3

("0xd3C8e"), 0xbf7c232b80ad3131d69234cc820ccd26a3f6a823 ("0xbf7c2"), and 0x6c7Ce9f8a

FA19976f8BFa233EEed5b0a72d4E16c ("0x6c7Ce") (collectively the "Kane Wallets") identified

in the complaints in Adversary Proceedings No. 24-04004 (the "Castel Complaint") and No. 24-

1

04005 (the "Unknown Wallet Owners Complaint") (together, the "Complaints")[2]; and *(ii) to Stay*

*Adversary Proceeding No. 24-04004 as to Arben Kane* ("Motion to Stay" and, together with the

Motion for Default Judgment, the "Motion") pursuant to Federal Rule 16(b)(4), as made applicable

by Bankruptcy Rule 7016, as well as the Court's inherent authority.

In connection with the Motion for Default Judgment, Plaintiff separately files his

*Application for Default Judgment* against the Default Defendant (the "Application").    In

connection with his Motion for Default Judgment, Plaintiff seeks entry of the order substantially

in the form attached as **Exhibit 7** to the Application following the forthcoming damages inquest.

In connection with his Motion to Stay, Plaintiff seeks entry of the order substantially in the form

attached as **Exhibit A** to the Motion.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion

shall (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) be filed with

the Bankruptcy Court, together with proof of service, electronically, on the docket of the Adversary

Proceedings, by registered users of the Court's electronic filing system and in accordance with all

General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the

Southern District of New York (which are available on the Court's website at

http://www.nysb.uscourts.gov); and (iv) be filed and received no later than June 15, 2026, at 11:59

p.m. (prevailing Eastern Time) in accordance with the *Updated Statement of Chief Judge Martin

Glenn* circulated on February 2, 2026.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion may be held before

---

[2] The specific Adversary Proceedings at issue are *Mohsin Y. Meghji, Litig. Adm'r, as Representative for the Post-Effective Date Debtors v.* (i) *Castel*, Adv. No. 24-04004 (MG) (Bankr. S.D.N.Y.); and (ii) *Wallet Owner 0xdbc13e67f678cc00591920cece4dca6322a79ac7*, Adv. No. 24-04005 (MG) (Bankr. S.D.N.Y.) (collectively, the "Adversary Proceedings").

the Honorable Martin Glenn, Chief United States Bankruptcy Judge (the "Court"), at a date and

time to be set by the Court.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are

timely filed, served, and received will be considered by the Court.  Failure to file a timely response

or objection may result in entry of a final order granting the Motion as requested by Plaintiff.

Dated:          June 1, 2026

              New York, New York

AKIN GUMP STRAUSS HAUER & FELD LLP

By:   */s/ Mitchell P. Hurley*
      Mitchell P. Hurley
      One Bryant Park
      New York, New York 10036
      Telephone: (212) 872-1000
      Facsimile: (212) 872-1002
      mhurley@akingump.com

      Elizabeth D. Scott (admitted *pro hac vice*)
      2300 N. Field Street, Suite 1800
      Dallas, TX 75201
      Telephone: (214) 969-2800
      Facsimile: (214) 969-4343
      edscott@akingump.com

      *Counsel for Plaintiff*

3

**Hearing Date and Time: TBD**
**Objection Date and Time: June 15, 2026, at 11:59 p.m. (prevailing Eastern Time)**
**Reply Date and Time: June 22, 2026, at 11:59 p.m. (prevailing Eastern Time)**

Mitchell P. Hurley
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Elizabeth D. Scott (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Post-Effective Date Debtors. | Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS, | |
| Plaintiff, | Adversary Proceeding Case No. 24-04004 (MG) |
| v. | |
| ANTOINE CASTEL, *et al.*, | |
| Defendants. | |

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Post-Effective Date Debtor Celsius Network LLC's principal place of business and the Post-Effective Date Debtors' service address in these chapter 11 cases is 1209 Orange Street, Wilmington, Delaware 19801.

|  |  |
|---|---|
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALLET OWNER 0xdbc13e67f678cc00591920cece4dca6322a79ac7, *et al.*,<br><br>　　　　　Defendants. | Adversary Proceeding<br>Case No. 24-04005 (MG) |

**PLAINTIFF'S MOTION (I) FOR DEFAULT JUDGMENT AGAINST WALLET OWNER DEFENDANTS 0XD3C8E3E8DCD89AE98FBA866DB20AE72DC2EE75A3, 0XBF7C232B80AD3131D69234CC820CCD26A3F6A823, AND 0X6C7CE9F8AFA19976F8BFA233EEED5B0A72D4E16C, AND <u>(II) TO STAY ADVERSARY PROCEEDING NO. 24-04004 AS TO ARBEN KANE</u>**

## TABLE OF CONTENTS

BACKGROUND AND PROCEDURAL HISTORY ................................................................2

      A.      The Clerk enters defaults against Wallet Owner 0xd3C8e, 0xbf7c2, and 0x6c7Ce................................................................................................2

      B.      The Court denies Default Defendant's request to set aside defaults entered against Wallet Owners 0xd3C8e, 0xbf7c2, and 0x6c7Ce. .............3

      C.      Default Defendant files a facially defective appeal. ...................................6

RELIEF REQUESTED..........................................................................................................7

ARGUMENT .........................................................................................................................8

      I.      The Court Should Grant the Motion for Default Judgment...................................8

      A.      The Court should enter a default judgment consistent with its April 15 Order following a determination of the appropriate measure of damages at the forthcoming damages inquest. ............................................8

      B.      Damages awarded following the inquest should include the assets transferred to the Default Defendant or their U.S. dollar value equivalent, as well as pre-judgment and post judgment interest. ................9

      C.      Consistent with Plaintiff's request in his March 28 Letter and the Court's April 15 Order, the judgment awarded following the damages inquest should additionally include an award of sanctions.........10

      II.      The Court Should Grant the Motion to Stay..........................................................12

NOTICE...............................................................................................................................13

NO PRIOR RELIEF ...........................................................................................................13

CONCLUSION AND PRAYER...........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 700 Trust*,
No. 2:25-bk-00051-FMD, 2025 WL 2806724 (M.D. Fla. Sept. 18, 2025) ...............................7

*In re 1031 Tax Grp., LLC*,
439 B.R. 84 (Bankr. S.D.N.Y. 2010) ...................................................................................10

*In re A & M Fla. Props. II, LLC*,
No. 09-15173, 2010 WL 1418861 (Bankr. S.D.N.Y. Apr. 7, 2010)........................................10

*Bay State Milling Co. v. Martin*,
No. 99 C 6796, 2001 WL 855856 (N.D. Ill. July 26, 2001) .................................................10

*In re. Bd. of Directors of Hopewell Int'l Ins. Ltd.*,
258 B.R. 580 (Bankr. S.D.N.Y. 2001)...................................................................................7

*In re Belmonte*,
931 F.3d 147 (2d Cir. 2019)..................................................................................................9

*Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found.*
*Contractors, Inc.*,
699 F.3d 230 (2d. Cir. 2012)................................................................................................8

*In re Centennial Textiles, Inc.*,
220 B.R. 165 (Bankr. S.D.N.Y. 1998)...................................................................................9

*Citrus Mktg. Bd. of Israel v. J. Lauritzen A/S*,
943 F.2d 220 (2d Cir. 1991)...............................................................................................12

*In re Coco Foods, Inc.*,
No. 8-17-76177-REG, Adv. Pro. No. 8-18-08003-reg, 2023 WL 2589163
(Bankr. E.D.N.Y. Mar. 21, 2023) .......................................................................................10

*Dicola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*,
170 B.R. 222 (S.D.N.Y. 1994)..............................................................................................7

*Enron Oil Corp. v. Diakuhara*,
10 F.3d 90 (2d Cir. 1993).....................................................................................................6

*In re Keene Corp.*,
166 B.R. 31 (Bankr. S.D.N.Y. 1994)......................................................................................6

*In re Markus*,
78 F.4th 554 (2d Cir. 2023) ...............................................................................................11

ii

*Otter Prods., LLC v. Jones*,
    No. 22-CV-07861 (PMH), 2023 WL 2368975 (S.D.N.Y. Mar. 6, 2023)...................................5

*Perkins v. Rochester Gen Hosp.*,
    627 F. Supp. 3d 243 (W.D.N.Y. 2022) ...................................................................................8

*Rodriguez v. Sky, 605 W 42 St. Owner LLC*,
    No. 23-CV-8034 (LTS), 2024 WL 3429425 (S.D.N.Y. July 16, 2024) ...................................6

*In re Sabine Oil & Gas Corp.*,
    548 B.R. 674 (Bankr. S.D.N.Y. 2016) ....................................................................................6

*In re Sanchez*,
    941 F.3d 625 (2d Cir. 2019).............................................................................................10, 11

*Swarna v. Al-Awadi*,
    622 F.3d 123 (2d Cir. 2010).....................................................................................................6

*In re Try The World, Inc.*,
    No. 18-11764-JLG, Adv. Pro. No. 20-01013-jlg, 2021 WL 3502607 (Bankr.
    S.D.N.Y. Aug. 9, 2021) ...........................................................................................................12

*United States v. Rodgers*,
    101 F.3d 247 (2d Cir. 1996).....................................................................................................6

*Wickham Contracting Co., Inc. v. Loc. Union No. 3, Int'l Bd. of Elec. Workers,
    AFL–CIO*,
    955 F.2d 831 (2d Cir. 1992)....................................................................................................10

**Statutes**

11 U.S.C. § 550(a) ..........................................................................................................................9

28 U.S.C. § 157................................................................................................................................2

28 U.S.C. § 1334..............................................................................................................................2

28 U.S.C. § 1408..............................................................................................................................2

28 U.S.C. § 1409..............................................................................................................................2

28 U.S.C. § 1961(b) .......................................................................................................................10

iii

**Rules**

Federal Rules of Bankruptcy Procedure
    Rule 7012 ..................................................................................................................3
    Rule 7016 ...........................................................................................................1, 2, 12
    Rule 7037 ...............................................................................................................5, 10
    Rule 7055 ..................................................................................................................1

Federal Rules of Civil Procedure
    Rule 16(b)(4)......................................................................................................1, 12
    Rule 30(b)(6)...........................................................................................................11
    Rule 37 ...................................................................................................................5, 10
    Rule 55 .....................................................................................................................1, 8

Local Bankruptcy Rules
    Rule 7055-2..............................................................................................................1

Moshin Y. Meghji ("Plaintiff" or "Litigation Administrator"), as Litigation Administrator for Celsius Network LLC and its affiliated debtors (collectively, the "Post-Effective Date Debtors") files this *Motion (i) for Default Judgment Against Wallet Owner Defendants 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3, 0xbf7c232b80ad3131d69234cc820ccd2 6a3f6a823, and 0x6c7Ce9f8aFA19976f8BFa233EEed5b0a72d4E16c* (the "Motion for Default Judgment") pursuant to Rule 55 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7055-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), against Arben Kane (the "Default Defendant"), owner of wallets 0xd3C8e3E8DCD89Ae98fBa866dB20ae72DC2Ee75a3 ("0xd3C8e"), 0xbf7c232b80ad3131 d69234cc820ccd26a3f6a823 ("0xbf7c2"), and 0x6c7Ce9f8aFA19976f8BFa233EEed5b0a72 d4E16c ("0x6c7Ce") (collectively the "Kane Wallets") identified in the complaints in Adversary Proceedings No. 24-04004 (the "Castel Complaint") and No. 24-04005 (the "Unknown Wallet Owners Complaint") (together, the "Complaints")[1] and *(ii) to Stay Adversary Proceeding No. 24-04004 as to Arben Kane* ("Motion to Stay" and, together with the Motion for Default Judgment, the "Motion") pursuant to Federal Rule 16(b)(4), as made applicable by Bankruptcy Rule 7016, as well as the Court's inherent authority. In support of the Motion, Plaintiff respectfully states as follows:

---

[1] The specific Adversary Proceedings at issue are *Mohsin Y. Meghji, Litig. Adm'r, as Representative for the Post-Effective Date Debtors v.* (i) *Castel*, Adv. No. 24-04004 (MG) (Bankr. S.D.N.Y.); and (ii) *Wallet Owner 0xdbc13e67f678cc00591920cece4dca6322a79ac7*, Adv. No. 24-04005 (MG) (Bankr. S.D.N.Y.) (collectively, the "Adversary Proceedings").

1

**BACKGROUND AND PROCEDURAL HISTORY**

1. The background and procedural history of the Default Defendant's egregious and willful failure to take any action despite admitted awareness of the proceedings in this matter and the defaults entered as a result are set forth in detail in Plaintiff's requests for entries of default [ECF Nos. 62-63 (Adv. No. 24-04004); ECF Nos. 32-33 (Adv. No. 24-04005)], as well as Plaintiff's September 4, 2025 and March 28, 2026 letters to the Court and the arguments and submissions Plaintiff made in connection with the January 15, 2026 hearing regarding Arben Kane's request to set aside the defaults [ECF Nos. 89, 102 (Adv. No. 24-04004); ECF Nos. 59, 65 (Adv. No. 24-04005)], which Plaintiff incorporates by reference as if fully set forth herein.

**A. The Clerk enters defaults against Wallet Owner 0xd3C8e, 0xbf7c2, and 0x6c7Ce.**

2. On July 13, 2024, Plaintiff filed the Castel Complaint seeking relief against various defendants, including the (then unknown) owner of cryptocurrency wallet 0xd3C8e and the Unknown Wallet Owners Complaint against the (then unknown) owners of cryptocurrency wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce. ECF No. 1 (Adv. No. 24-04004); ECF No. 1 (Adv. No. 24-04005). A *Summons and Notice of Pretrial Conference in an Adversary Proceeding* was subsequently issued in both actions on July 29, 2024. ECF No. 5 (Adv. No. 24-04004) (the "Castel Summons"); ECF No. 5 (Adv. No. 24-04005) (the "Unknown Wallet Owners Summons").

3. On September 24, 2024, Plaintiff filed his *Motion for Alternative Service* [ECF No. 16 (Adv. No. 24-04004); ECF No. 11 (Adv. No. 24-04005)] seeking approval from the Court to serve the owners of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce by airdropping a non-fungible token ("NFT") hyperlinked to a service website containing a copy of the relevant summons and complaints. *See* ECF No. 63 ¶ 6 (Adv. No. 24-04004); ECF No. 33 ¶ 6 (Adv. No. 24-04005).

4. The Court entered a *Memorandum Opinion and Order Granting Motion for Alternative Service* [ECF No. 35 (Adv. No. 24-04004); ECF No. 24 (Adv. No. 24-04005)] on

2

October 24, 2024, authorizing Plaintiff to serve the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce by airdropping NFTs to the cryptocurrency wallet addresses. ECF No. 63 ¶ 8 (Adv. No. 24-04004); ECF No. 33 ¶ 8 (Adv. No. 24-04005). In accordance with the Court's order, Plaintiff served the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce by airdropping an NFT (or opcode) to those wallets with a link to a service website containing copies of the relevant complaints and summons. ECF No. 47 (Adv. No. 24-04004); ECF No. 63 ¶ 9 (Adv. No. 24-04004); ECF No. 27 (Adv. No. 24-04005); ECF No. 33 ¶ 9 (Adv. No. 24-04005).

5.    On December 4, 2024, the Court entered an *Order Prescribing Answer Deadline Pursuant to Federal Rule of Bankruptcy Procedure 7012* [ECF No. 49 (Adv. No. 24-04004); ECF No. 29 (Adv. No. 24-04005)], which set January 9, 2025, as the deadline for the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce to answer or otherwise move with respect to the Castel and Unknown Wallet Owner Complaints. On March 10, 2024, after the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce failed to timely answer or move with respect to the relevant complaints, Plaintiff requested that the Clerk enter default against the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce. [ECF No. 62 (Adv. No. 24-04004); ECF No. 32 (Adv. No. 24-04005)]. The Clerk entered default against the owner of wallet 0xd3C8e with respect to the Castel Complaint on the same day [ECF No. 64 (Adv. No. 24-04004)] and against the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce with respect to the Unknown Wallet Owners Complaint on March 25, 2025 [ECF No. 51, 52, 53 (Adv. No. 24-04005)] (collectively, the "Entries of Default").

**B. The Court denies Default Defendant's request to set aside defaults entered against Wallet Owners 0xd3C8e, 0xbf7c2, and 0x6c7Ce.**

6.    On September 3, 2025, the Default Defendant filed a letter (i) identifying himself as the owner of wallets 0xd3C8e, 0xbf7c2, and 0x6c7Ce; and (ii) requesting a conference with the Court for the purpose of setting aside the Entries of Default. ECF No. 88 (Adv. No. 24-04004);

3

ECF No. 58 (Adv. No. 24-04005) (the "September 3 Letter").  Plaintiff responded to Default Defendant's letter on September 4, 2025, outlining the factual circumstances underlying the Default Defendant's request, which indicated his failure to respond was a deliberate, strategic decision, and not the product of circumstances that could provide good cause for setting aside the Entries of Default.  ECF No. 89 (Adv. No. 24-04004); ECF No. 59 (Adv. No. 24-04005).

7.    On January 15, 2026, the Court held a conference to address Default Defendant's September 3 Letter, as well as certain discovery deficiencies identified by Plaintiff regarding Kane's participation in Adversary Proceeding 24-04004 (the "January 15 Conference").  *See* ECF No. 99 (Adv. No. 24-04004); ECF No. 62 (Adv. No. 24-04005).  During the January 15 Conference, the Court ordered that Kane make himself and his e-discovery vendor available for 30(b)(6) depositions to answer questions regarding Kane's knowledge of the cases brought against him and his efforts to locate and produce responsive information.  Hr'g Tr. at 24:20-27:13 [ECF No. 99 (Adv. No. 24-04004); ECF No. 62 (Adv. No. 24-04005)].  The Court reserved ruling on Default Defendant's request to set aside the Entries of Default, but the Court indicated it would deny the request "if the plaintiff can persuade me that a continued stonewalling has occurred."  *Id.* at 27:3-13.  The Court ordered that Plaintiff and Kane submit a joint status report following the deposition of Kane's e-discovery vendor, which the parties did on January 23, 2026 (the "Joint Status Report").  ECF No. 98 (Adv. No. 24-04004); ECF No. 61 (Adv. No. 24-04005).

8.    On March 28, 2026, Plaintiff submitted a further update to the Joint Status Report (the "March 28 Letter") requesting that the Court deny the Default Defendant's request to set aside the Entries of Default based on the Default Defendant's pattern of repeated and deliberate evasiveness.  ECF No. 102 (Adv. No. 24-04004); ECF No. 65 (Adv. No. 24-04005).  Plaintiff's March 28 Letter detailed Kane's obstructive conduct, both with respect to answering the

allegations against him, as well as responding to discovery.  As set forth in greater detail in the March 28 Letter, Plaintiff explained that the 30(b)(6) depositions of Kane and his e-discovery vendor had revealed that such behavior included refusing to acknowledge ownership of the Kane Wallets until Kane viewed it as necessary to his personal defense and failing to adequately respond to Plaintiff's requests in meet-and-confer correspondence while Kane's counsel rushed to complete a perfunctory e-discovery review in order to conceal that Kane had taken almost no steps towards preserving or reviewing documents months into discovery.  *See id.* at 3-6.  Plaintiff requested that the Court sanction Kane for his failure to engage in good faith by awarding Plaintiff his reasonable expenses pursuant to Federal Rule 37 (as made applicable under Bankruptcy Rule 7037) and the Court's inherent power to manage its own affairs.  *See id.* at 4-5.

9.      On April 15, 2026, the Court issued a written opinion denying Default Defendant's request to set aside the Entries of Default (the "April 15 Order").  ECF No. 103 (Adv. No. 24-04004); ECF No. 66 (Adv. No. 24-04005).  In its April 15 Order, the Court examined the Default Defendant's request in light of the three "good cause" factors utilized in the Second Circuit to determine whether a default should be set aside, including: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Id.* at 6 (quoting *Otter Prods., LLC v. Jones*, No. 22-CV-07861 (PMH), 2023 WL 2368975, at *1 (S.D.N.Y. Mar. 6, 2023)).  The Court determined that each factor weighed against setting aside the Entries of Default, including because "Kane's conduct is indicative of the type of 'egregious' conduct that constitutes a 'willful' default," "Kane ha[d] not demonstrated a meritorious defense, and the Plaintiff would be prejudiced by setting aside the default judgments by requiring the Plaintiff to further incur substantial expenses as a result of Kane's failures."  April 15 Order at 6-7 [ECF No. 103 (Adv. No. 24-04004); ECF No. 66 (Adv. No. 24-04005)].  The Court

5

indicated that a separate order would be entered scheduling a damages inquest to determine the amount of the default judgments to be entered, and the Court deferred the issue of sanctions until the damages inquest. *Id.* at 7-8.

**C. Default Defendant files a facially defective appeal.**

10.     On April 29, 2026, the Default Defendant filed a Notice of Appeal stating his intent to appeal the Court's April 15 Order.  ECF No. 104 (Adv. No. 24-04004); ECF No. 67 (Adv. No. 24-04005).  Despite the interlocutory nature of the April 15 Order, the Default Defendant did not seek permission for his appeal.  Accordingly, Plaintiff has filed a pre-motion letter indicating his intent to move for dismissal of the Default Defendant's improper interlocutory appeals, [ECF No. 11 (Civ. No. 1:26-cv-3749); ECF No. 12 (Civ. No. 1:26-cv-3750)].  *See, e.g.*, *Swarna v. Al-Awadi*, 622 F.3d 123, 140-41 (2d Cir. 2010) ("[T]he entry of a default judgment conditional on an inquest on damages is an interlocutory act and therefore not ordinarily appealable[.]"); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The entry of default is an interlocutory act and, as such, a non-final order.  It is therefore not appealable[.]").

11.     While the district court has yet to rule on Plaintiff's motion, the pending appeals do not deprive this Court of jurisdiction to move forward with the damages inquest and final judgment anticipated in the April 15 Order.  Courts in this district have consistently held that, if a party "attempt[s] to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is 'premature' and a 'nullity,'" and the lower court "retains jurisdiction of [such] action." *Rodriguez v. Sky, 605 W 42 St. Owner LLC*, No. 23-CV-8034 (LTS), 2024 WL 3429425, at *1 (S.D.N.Y. July 16, 2024); *see also In re Keene Corp.*, 166 B.R. 31, 33 (Bankr. S.D.N.Y. 1994) (stating that "unauthorized interlocutory appeals leave jurisdiction unaffected"); *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 679

6

(Bankr. S.D.N.Y. 2016) (citing *In re. Bd. of Directors of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 583 (Bankr. S.D.N.Y. 2001)) ("During the pendency of an appeal of a bankruptcy court order . . . the bankruptcy court [is not] divested of jurisdiction 'to decide issues and proceedings different from and collateral to those involved in the appeal.'"); *Dicola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994) ("[W]hile an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment . . . . This is true because in implementing an appealed order, the court does not disrupt the appellate process to long as its decision remains intact of the appellate court to review."); *In re 700 Trust*, No. 2:25-bk-00051-FMD, 2025 WL 2806724, at *4-5 (M.D. Fla. Sept. 18, 2025) ("[A] notice of appeal of a non-appealable, non-final order does not affect the lower court's jurisdiction.").

**<u>RELIEF REQUESTED</u>**

12.     Plaintiff therefore submits the instant Motion for Default Judgement and related application (the "<u>Application</u>") in support of Plaintiff's request that the Court move forward with the damages inquest notwithstanding the Default Defendant's appeal and, following that inquest, enter final judgment against the Default Defendant, in the form of the proposed order attached as **<u>Exhibit 7</u>** to the Application (the "<u>Default Judgment Order</u>").

13.     Because the Default Defendant, Arben Kane, is also an individually named defendant in Adversary Proceeding No. 24-04004, and the damages inquest and judgment with respect to the defaults may impact the claims against Kane by name, Plaintiff further requests that this Court enter an order substantially in the form attached hereto as **<u>Exhibit A</u>** to stay proceedings as to Kane by name in Adversary Proceeding No. 24-04004 pending resolution of the Motion for Default Judgment.

## ARGUMENT

### I.   The Court Should Grant the Motion for Default Judgment

#### A.   The Court should enter a default judgment consistent with its April 15 Order following a determination of the appropriate measure of damages at the forthcoming damages inquest.

14.   The Court has already weighed the relevant factors for granting a default judgment and concluded those factors warrant imposition of a default judgment here.  *See, e.g.*, *Perkins v. Rochester Gen Hosp.*, 627 F. Supp. 3d 243, 247-48 (W.D.N.Y. 2022) ("As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default.  The three factors include: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." (internal citations and quotations omitted)); April 15 Order at 6-7 (refusing to set aside defaults against Default Defendant based on finding default was willful, Default Defendant had not demonstrated a meritorious defense, and Plaintiff would be prejudiced were the defaults not enforced).  The only issue remaining is the amount of the judgment to be entered, which the Court has indicated will be determined following a forthcoming damages inquest.  *Id.*  The Court should therefore grant the Motion for Default Judgment upon determination of the appropriate amount of damages in connection with the inquest.  *Cf. Cement and Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 233 (2d. Cir. 2012) ("When a party moves for a default judgment, Rule 55(b) [] permits a district court to 'conduct hearings or make referrals' in order to, among other things, 'determine the amount of damages . . . .'").

8

**B. Damages awarded following the inquest should include the assets transferred to the Default Defendant or their U.S. dollar value equivalent, as well as pre-judgment and post judgment interest.**

15.     As relief in connection with the avoidance of a fraudulent transfer, the Court has broad discretion to award the plaintiff the return of the fraudulently transferred property or its value. *See, e.g.*, 11 U.S.C. § 550(a); N.Y. Debt. & Cred. § 276(b); *see also In re Belmonte*, 931 F.3d 147, 152 (2d Cir. 2019) ("The bankruptcy court has broad discretion . . . in ordering the return of transferred property or its value pursuant to § 550" of the Bankruptcy Code.); *Despins v. Meta Platforms Inc. (In re Kwok)*, Adv. Pro. No. 24-05117, 2025 WL 2167577, at *11 (Bankr. D. Conn. July 29, 2025) ("Upon avoidance of the transfer, section 550(a) of the Bankruptcy Code and section 276(b) of NYUVTA allow recovery of the *specific property* transferred, the value thereof, or the proceeds thereof."); *In re Centennial Textiles, Inc.*, 220 B.R. 165, 176–77 (Bankr. S.D.N.Y. 1998) ("[S]ince the Bankruptcy Code does not provide guidance on when the Court should order payment of the value of property rather than order the return of property itself, it is within the Court's discretion to make such a determination.").

16.     In connection with the defaults here, Plaintiff is therefore entitled to recover either the property transferred to the Default Defendant (*i.e.*, the cryptocurrency assets themselves) or the value of such property. As to the property transferred, the Default Defendant received 225 Ethereum ("ETH") from Celsius wallet 0xb1adceddb2941033a090dd166a462fe1c2029484 ("0xb1") on April 10, 2021. ECF No. 1 (Adv. No. 24-04004) (the "Castel Complaint") ¶ 64(c); ECF No. 1 (Adv. No. 24-04005) (the "Unknown Wallet Owners Complaint") ¶ 73(b). According to CoinMarketCap.com, the market price of 225 ETH as of the date of this filing is approximately $450,826.

17.     In addition to the return of the fraudulently transferred property (or its monetary equivalent), Plaintiff is also entitled to pre-judgment and post-judgment interest as part of his

9

recovery. *See, e.g.*, *In re 1031 Tax Grp., LLC*, 439 B.R. 84, 87 (Bankr. S.D.N.Y. 2010). The Second Circuit has instructed courts to consider the following factors when determining the amount of pre-judgment interest: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Wickham Contracting Co., Inc. v. Loc. Union No. 3, Int'l Bd. of Elec. Workers, AFL–CIO,* 955 F.2d 831, 833–34 (2d Cir. 1992) (collecting cases). Courts in this district regularly award pre-judgment interest on a judgment resulting from the avoidance of a fraudulent transfer beginning on the date of the fraudulent transfer and compounded annually. *See In re Coco Foods, Inc.*, No. 8-17-76177-REG, Adv. Pro. No. 8-18-08003-reg, 2023 WL 2589163, at *9 (Bankr. E.D.N.Y. Mar. 21, 2023) ("Prejudgment interest shall accrue on the date the fraudulent transfers occurred . . . ."); *Bay State Milling Co. v. Martin*, No. 99 C 6796, 2001 WL 855856, at *1 (N.D. Ill. July 26, 2001) (holding that plaintiff was entitled to "accrued interest from the date of the [fraudulent] transfer"); 28 U.S.C. § 1961(b) ("Interest . . . shall be compounded annually."). Post-judgment interest is likewise available following entry of a final judgment. *See In re 1031 Tax Grp., LLC*, 439 B.R. at 91 (awarding post-judgment interest to the trustee under its fraudulent transfer claims).

### C. Consistent with Plaintiff's request in his March 28 Letter and the Court's April 15 Order, the judgment awarded following the damages inquest should additionally include an award of sanctions.

18.     This Court has authority to sanction a party under Federal Rule 37 (made applicable by Bankruptcy Rule 7037) for discovery abuses and under the Court's inherent authority for bad-faith litigation misconduct. *In re A & M Fla. Props. II, LLC*, No. 09-15173, 2010 WL 1418861, at *5 (Bankr. S.D.N.Y. Apr. 7, 2010); *see also In re Sanchez*, 941 F.3d 625, 627-28 (2d Cir. 2019) ("[B]ankruptcy courts, like Article III courts, possess inherent sanctioning powers."); *In re Markus*,

10

78 F.4th 554, 565 (2d Cir. 2023) ("[W]e conclude that a bankruptcy court's inherent authority extends beyond the [relatively minor non-compensatory] sanctions imposed in *Sanchez . . . .*").

19.     Both bases for relief support the imposition of sanctions here. As set forth in greater detail in Plaintiff's March 28 Letter, incorporated as though fully set forth herein, the depositions this Court ordered following the January 15 Conference confirmed that Kane misled Plaintiff regarding his discovery efforts in order to keep Plaintiff from seeking relief while the clock continued to run on discovery. March 28 Letter at 4-6. Specifically, Kane's counsel (i) failed to collect electronically stored information from Kane in a timely manner; (ii) ignored repeated inquiries from Plaintiff regarding the sharing of search parameters; initially ran only a single search term through Kane's electronic documents—and even then waited months to do so; (iii) failed to timely preserve documents from Kane's phone, including information from platforms like Telegram and Discord until after the Court ordered a Rule 30(b)(6) deposition of Kane's discovery vendor; and (iv) failed to produce requested documents containing load files and metadata and even failed to communicate that request to his eDiscovery vendor. Indeed, only after eight (8) months of attempted communications, a court conference, and two Rule 30(b)(6) depositions did Kane comply with his discovery obligations. *See id.*; *see also* April 15 Order at 5.

20.     In addition to the discovery misconduct detailed above, Kane and his counsel repeatedly took steps to evade and frustrate administration of these Adversary Proceedings. Among other things, Kane and his counsel (i) took no action prior to entry of default against Kane in November 2024—despite knowing about the cases against Kane in October; (ii) denied knowledge in December 2024 as to Wallet 0xd3C8e despite having just accessed a hyperlinked NFT sent to that wallet used for service of process; (iii) professed "confusion" regarding the wallet numbers listed in the Adversary Proceedings despite Kane's later admission of having little

11

difficulty confirming ownership of his own wallets; and (iv) worked with Jason Stone to draft an evasive response to a Coinbase subpoena regarding the Kane Wallets, while still refusing to acknowledge ownership of the Kane Wallets in the Adversary Proceedings. *See* March 28 Letter at 2-3.

21.     Based in part on this evidence, the Court has already concluded that "Kane's conduct is indicative of the type of 'egregious' conduct that constitutes a 'willful' default," and that "Kane was aware of the allegations against him, refused to acknowledge ownership of the Kane Wallets, and now requests the opportunity to respon[d] now that he has been caught." April 15 Order at 7.

22.     Plaintiff accordingly requests that the judgment to be entered following the damages inquest include an award of the fees and expenses Plaintiff reasonably incurred as a direct result of Kane's and his counsel's misconduct, with such amounts to be proven in connection with the inquest. *See id.* at 7-8.

## II.     The Court Should Grant the Motion to Stay

23.     There exists good cause for the Court to order a stay as to the claims against Arben Kane by name in Adversary Proceeding No. 24-04004 while it considers Plaintiff's Motion for Default Judgment, including the forthcoming damages inquest.

24.     Federal Rule 16(b)(4), made applicable hereto by Bankruptcy Rule 7016, allows the Court to modify a scheduling order for good cause. The Court likewise has broad inherent authority to grant a stay, which "follows from 'the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Try The World, Inc.*, No. 18-11764-JLG, Adv. Pro. No. 20-01013-jlg, 2021 WL 3502607, at *14 (Bankr. S.D.N.Y. Aug. 9, 2021) (quoting *Citrus Mktg. Bd. of Israel v. J. Lauritzen A/S*, 943 F.2d 220, 225 (2d Cir. 1991)).

12

25. Those interests warrant a stay of the claims against Arben Kane as a specifically named party here. Because Kane has been identified as Wallet Owner 0xd3c8e in Adversary Proceeding No. 24-04004, the Court's determination as to Plaintiff's Motion for Default Judgment is likely to have a material impact on how the parties proceed in Adversary Proceeding No. 24-04004 as to the claims against Kane by name. Accordingly, to avoid unnecessary expense, delay, and potentially conflicting outcomes, Plaintiff respectfully requests a stay of proceedings in Adversary Proceeding No. 24-04004 as to the claims against Arben Kane as a named defendant pending the Court's resolution of the Motion for Default Judgment and related damages inquest.

## NOTICE

26. Notice of this Motion shall be given to the Default Defendant through his counsel via electronic filing and email.

## NO PRIOR RELIEF

27. No prior application for the relief sought herein has been made to this or any other court.

## CONCLUSION AND PRAYER

28. WHEREFORE, Plaintiff respectfully requests that this Court enter default judgment against the Default Defendant in substantially the same form as the Default Judgment Order, which provides for:

    a. Either the return of 225 ETH, or a monetary judgment in the amount of the U.S. dollar value of the transferred property as determined by the Court;

    b. Pre-judgment interest from the date of the applicable transfer to the date the default judgment orders are entered;

    c. Post-judgment interest;

    d. Attorneys' fees and expenses in an amount to be determined by the Court; and

    e. Such other and further relief as the Court deems just and proper.

13

29.     WHEREFORE, Plaintiff further respectfully requests that this Court order a stay as to the claims against Arben Kane by name in Adversary Proceeding No. 24-04004 pending resolution of the Motion for Default Judgment.

Dated:          June 1, 2026
                New York, New York

                                        **AKIN GUMP STRAUSS HAUER & FELD LLP**

                                        By:   */s/ Mitchell P. Hurley*
                                              Mitchell P. Hurley
                                              One Bryant Park
                                              New York, New York 10036
                                              Telephone: (212) 872-1000
                                              Facsimile: (212) 872-1002
                                              mhurley@akingump.com

                                              Elizabeth D. Scott (admitted *pro hac vice*)
                                              2300 N. Field Street, Suite 1800
                                              Dallas, TX 75201
                                              Telephone: (214) 969-2800
                                              Facsimile: (214) 969-4343
                                              edscott@akingump.com

                                        *Counsel for Plaintiff*